UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:19CV-P26-GNS

**JEFFREY ALLEN JONES, SR.**                                                               **PLAINTIFF**

v.

**KENTUCKY STATE POLICE** *et al*.                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffrey Allen Jones, Sr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* (DN 1). The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

**I.**

Plaintiff, a convicted inmate at the Green River Correctional Complex, sues the following Defendants: Kentucky State Police; Officer Forbis; and "All the other 8 officer's pres[]ent with Officer Forbis on 3-4-2018[,]" identifying them as "all Kentucky State Police." He sues Defendant Forbis and the other officers in their individual and official capacities.

Plaintiff states that on March 4, 2018, Defendant Forbis and the other eight Defendant officers came to a location in Campbellsville, Kentucky, "with gun's and rifles drawn and aimed at my self and Bobby Spurling, with pistels and rifles equiped with bright directional lights on the pistels & rifles." Plaintiff describes the incident as follows:

> We were told to show our hands and exit the non running car we were sitting in. We did as told, but Officer Forbis, struck me in the back with a metal baton, and when I went down from the force he delivered to my back, Officer Forbis, kept beating me over and over, with the baton and his fist in my right kidney and my right thigh of my right leg, till he tired his self out, then he demanded me to stand up while I was tangled up in weeds and barrairers holding me in place, he beat me more finnaly he jerked me to my feet by my cuffed hands, and pushed me up across

the hood of my little car, and asked me really close and personal in my ear quote "How do you like being out here in the dark, surrounded by all these state trooper, with no camara's or mic.s?" I told him this was wronge! And he beat me some more in my already damaged kidney & back. Then he said "You are not going to beat these charge's, I promise you that Jeffrey Jones." I just kept quite to keep from being beatin more. Me & Bobby were taken to Taylor County Detention Center in Campbellsville, Ky. . . . The next day I was wheeled to the Court room by officer Jason Milby because I was hurt too bad by Officer Forbis.

Plaintiff additionally states that Defendant Forbis "had my little car toed for no reason – cost me $250.00 the next day!"

As relief, Plaintiff seeks compensatory and punitive damages and the following injunctive relief: "Ban Officer Forbis from the state police" and "have Officer Forbis attend and complet a intense anger management course, at his own expense."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of

2

legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

### A. *Kentucky State Police and official-capacity claims*

The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). It is well-established that the Kentucky State Police constitutes an "arm of the state" for Eleventh Amendment purposes. *See Kenney v. Paris Police Dept.*, No. 5:07-CV-358-JMH, 2011 U.S. Dist. LEXIS 45019, at *16-17 (E.D. Ky. Apr. 26, 2011) ("The Sixth Circuit has previously recognized the Kentucky State Police is entitled to governmental immunity under the Eleventh Amendment.") (citing *Barnes v. Hamilton*, No. 91-5360, 1991 U.S. App. LEXIS 24593, at *4 (6th Cir. Oct. 10, 1991)); *Carter v. Porter*, 617 F. Supp. 2d 514, 517 (E.D. Ky. 2008) (applying Eleventh Amendment immunity to Kentucky State Police commanders and troopers in their

3

official capacities); *Grider v. City of Russell Springs, Ky*., No. 1:05CV137-M, 2006 U.S. Dist. LEXIS 8211, at *4 (W.D. Ky. Mar. 1, 2006) (finding official-capacity claims for damages against Kentucky State Police trooper barred by Eleventh Amendment). Additionally, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As a result, the claims against Defendant Kentucky State Police for all relief and the official-capacity claims against Defendant Forbis and the other unnamed Defendant officers for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

With regard to Plaintiff's claims for injunctive relief, he requests that Defendant Forbis be banned from the Kentucky State Police and that he be ordered to undergo an anger management course. However, the Court does not have the authority under § 1983 to grant this relief. *See, e.g.*, *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Accordingly, Plaintiff's official-capacity claims against Defendant Forbis and the other Defendant officers for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

### 1. Fourth Amendment

The Court construes the complaint as alleging claims of excessive force and failure to protect in violation of the Fourth Amendment. The Court will allow the claims to proceed against Defendant Forbis and the eight unnamed officers in their individual capacities. In allowing the claims to go forward, the Court passes no judgment on their merit or ultimate outcome.

### 2. Fourteenth Amendment

Plaintiff also asserts that Defendant Forbis had his car towed which cost him $250. The Court construes this allegation as a claim for deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186,

191-92 (6th Cir. 1985). Accordingly, Plaintiff's claim related to his car being towed must be dismissed for failure to state a claim upon which relief may be granted.

IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant Kentucky State Police, his official-capacity claims against Defendant Forbis and the unnamed Defendant officers, and his claim related to his car being towed are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

Because no claims remain against Defendant Kentucky State Police, the Clerk of Court is **DIRECTED to terminate it** as a party to this action.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: June 18, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant Forbis
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.010

6